UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

    Debtor,
_____/

VISURON LIMITED PARTNERSHIP,

    Appellant,

v.

COLLENE K. CORCORAN,

    Appellee.
_____/

Case No. 08-10681
Honorable Patrick J. Duggan

Ch. 7 Case No. 03-31410

## OPINION AND ORDER (1) GRANTING APPELLEE'S MOTION TO DISMISS APPEAL; (2) DENYING AS MOOT APPELLEE'S MOTION TO REQUIRE POSTING OF A CASH BOND; AND (3) DENYING AS MOOT APPELLANT'S MOTION TO CONSOLIDATE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on _April 22, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Appellant Visuron Limited Partnership ("Visuron") filed a notice of appeal on February 11, 2008,[1] challenging the following orders entered by the Honorable Daniel Opperman of the United States Bankruptcy Court for the Eastern District of Michigan: (1) the First Interim Order for Allowance of Attorney Fees for Thomas J. Budzynksi,

---

[1] The notice was filed on the district court docket on February 19, 2008.

Attorney for Chapter 7 Trustee, dated November 5, 2007, and (2) the Order Denying Motion for Reconsideration, dated November 5, 2007.  Presently before the Court are the following motions:

> (1) Appellee Collene K. Corcoran's ("Trustee's") Motion to Require Posting of a Cash Bond, filed February 22, 2008;
>
> (2) Visuron's Motion to Consolidate with Case No. 07-13895 and Enter Judgment, filed February 24, 2008; and,
>
> (3) Trustee's Motion to Dismiss Appeal as Moot, filed March 3, 2008.

Responses have been filed to each of these motions.  On April 21, 2008, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motions pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

In her motion to dismiss, the Trustee contends that the Court resolved the issues raised in this appeal in an opinion and order entered in an earlier bankruptcy appeal (Civil Action No. 07-13985) on February 12, 2008, and that therefore the appeal is moot.  The Trustee also seeks an award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 11 or, in the alternative, pursuant to 28 U.S.C. § 1927.  In response, Visuron contends that the issues raised in this appeal are not moot, although it acknowledges that they are subject to collateral estoppel based on the Court's earlier decision.  Visuron further argues that sanctions are not warranted because it filed the pending appeal one day before this Court issued its decision in Case No. 07-13985 and because this matter addresses bankruptcy court orders that were not previously appealed.  Visuron argues that

it therefore was required to file the pending appeal to preserve its objections to those orders.

Regardless of whether the issues raised in this appeal are moot or subject to collateral estoppel, there is no dispute that the appeal is subject to dismissal.[2] The Court therefore grants the Trustee's motion to dismiss.

With regard to the Trustee's request for sanctions pursuant to Federal Rule of Civil Procedure 11, as discussed further in an opinion and order denying the Trustee's April 3, 2008 motion for sanctions, her failure to comply with the rule's "safe harbor" requirements prevents the Court from awarding sanctions under the rule. With respect to sanctions under 28 U.S.C. § 1927, the Court cannot conclude that Visuron's appeal is frivolous or that it was filed in order to "multiply the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. While the Court has concluded that Visuron's appeal in Case No. 03-13895 was frivolous and filed to "multiply the proceedings . . . unreasonably and vexatiously," that appeal did not involve the issue of whether the bankruptcy court properly or improperly awarded sanctions to the Trustee– the issue raised in the pending appeal. Instead, Case No. 03-13895 addressed the bankruptcy court's determination regarding which property belonged to the bankruptcy estate. As the Court found in its February 12, 2008 opinion and order, Visuron's attorney, Keith Mitan, pursued that issue

---

[2]As indicated *infra*, however, the issues raised in this appeal– i.e. the bankruptcy court's award of attorney's fees to the Trustee– were addressed in Civil Action No. 07-14020, not Civil Action No. 07-13895.

3

in the district court "to needlessly extend a frivolous bankruptcy petition which was filed simply to forestall state foreclosure proceedings or to challenge a final state court decision." The same cannot be said with regard to Visuron's challenge to the bankruptcy court's award of attorney's fees to the Trustee.

As the Court is dismissing the instant appeal, it finds moot Visuron's motion to consolidate and the Trustee's motion to require the posting of a cash bond.

Accordingly,

**IT IS ORDERED**, that Appellee's Motion to Dismiss Appeal as Being Moot is **GRANTED**;

**IT IS FURTHER ORDERED**, that Appellee's Motion to Require Posting of a Cash Bond is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Appellant's Motion to Consolidate with Case No. 07-13895 and Enter Judgment is **DENIED AS MOOT**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Thomas J. Budzynski, Esq.
Keith J. Mitan, Esq.
Honorable Daniel S. Opperman