UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

    Debtor,
_____/

VISURON LIMITED PARTNERSHIP,

    Appellant,

v.

COLLENE K. CORCORAN,

    Appellee.
_____/

Case No. 08-10681
Honorable Patrick J. Duggan

Ch. 7 Case No. 03-31410

## OPINION AND ORDER DENYING APPELLEE'S MOTION FOR SANCTIONS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 22, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Appellant Visuron Limited Partnership ("Visuron") filed a notice of appeal on February 19, 2008, challenging the following orders entered by the Honorable Daniel Opperman of the United States Bankruptcy Court for the Eastern District of Michigan: (1) the First Interim Order for Allowance of Attorney Fees for Thomas J. Budzynksi, Attorney for Chapter 7 Trustee, dated November 5, 2007, and (2) the Order Denying Motion for Reconsideration, dated November 5, 2007. Presently before the Court is

Appellee Collene K. Corcoran's ("Trustee's") motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, filed April 3, 2008. In her motion, the Trustee asserts that sanctions are warranted because Visuron, although acknowledging that its appeal is moot, but has not withdrawn the appeal. On April 17, 2008, Visuron filed a response to the motion, contending that the motion must be denied because the Trustee failed to comply with Rule 11's "safe harbor" provisions. Visuron further argues that the pending appeal is not moot, although Visuron acknowledges that the issues raised in its appeal are subject to collateral estoppel pursuant to this Court's decision in an earlier bankruptcy appeal: Civil Action No. 07-13895.

Federal Rule of Civil Procedure 11 provides that a court may impose sanctions upon an attorney or unrepresented party who has violated subdivision (b) of the rule. The rule contains the following "safe harbor" provision:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. . . .

FED. R. CIV. P. 11(c)(1)(A). In this case, the Trustee indicates that she served Visuron with a "Notice of Intent to Seek Sanctions in the District Court and the Bankruptcy Court on February 22, 2008." (Mot. ¶ 1 & Ex. A.) However, Rule 11(c)(1)(A) requires the party seeking sanctions to serve the actual *motion* for sanctions on the opposing party

twenty-one days before the motion is filed with or presented to the court. Courts within the Sixth Circuit have held that there is no "substantial compliance" to the rule's safe harbor requirements and that, therefore, service of an informal notice does not satisfy the rule. *Bates v. Colony Park Ass'n*, 393 F. Supp. 2d 578, 601-02, n.30 (E.D. Mich. 2005) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)); *see also McKenzie v. Berggren*, 212 F.R.D. 512, 514 (E.D. Mich. 2003). Because Visuron did not comply with the precise requirements of Rule 11's "safe harbor" provision, this Court will not address the merits of the motion for sanctions and denies the motion.

**SO ORDERED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Thomas J. Budzynski, Esq.
Keith J. Mitan, Esq.
Honorable Daniel S. Opperman